UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

DORY D. VALVERDE,                                         :

          Plaintiff,                                   :          08 Civ. 8084 (DAB) (DF)

    -against-                                              :          **REPORT AND**
                                           **RECOMMENDATION**

MICHAEL J. ASTRUE, COMMISSIONER OF         :
SOCIAL SECURITY,

                                         :

          Defendant.
--------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   3/23/10

## TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

### INTRODUCTION

Plaintiff Dory D. Valverde ("Plaintiff") seeks partial review of the final decision of

Administrative Law Judge Jay L. Cohen (the "ALJ"), granting in part and denying in part

Plaintiff's application for disability insurance benefits under the Social Security Act, 42 U.S.C.

§ 301, *et seq.* (the "Act"). Defendant, the Commissioner of Social Security ("Defendant" or the

"Commissioner"), has moved to remand this case for further administrative proceedings

pursuant to 42 U.S.C. § 405(g), so that the ALJ may accord controlling weight to the opinions of

Plaintiff's treating physicians or explain his rationale for not doing so with specific reference to

the medical record. Plaintiff agrees that remand would be appropriate, but requests that the

scope of remand be limited to that portion of the ALJ's decision that denied Plaintiff benefits,

*i.e.,* the portion of the decision that addressed the period commencing May 20, 2005.

For the reasons set forth below, I respectfully recommend that Defendant's motion for

remand (Dkt. 7) be granted, with the limitation requested by Plaintiff (*see* Dkt. 10).

## **BACKGROUND**

On September 3, 3003, while working as a cleaner in an airport terminal, Plaintiff fell down stairs and injured her head, back and knee. (R. at 421-23.)[1] She first applied for Social Security disability benefits on June 29, 2004. (*Id.* at 60-62.) After her application was denied by the Social Security Administration on September 27, 2004 (*id.* at 27-30), Plaintiff sought an administrative hearing (*id.* at 31-33).

On April 25, 2006, an administrative hearing was held before the ALJ (*id.* at 417-32), and, on October 13, 2006, the ALJ granted Plaintiff's application in part, finding that Plaintiff was disabled for the period from September 3, 2003 through May 19, 2005, but not thereafter (*see id.* at 16-24). In reaching his determination, the ALJ engaged in the familiar five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a). After concluding that Plaintiff did not have an impairment that met or medically equaled an impairment listed in the Social Security regulations, the ALJ evaluated whether her residual functional limitations were severe enough to qualify her for benefits. (*Id.* at 20-21; 22-23.)

For the period from September 3, 2003 through May 19, 2005, the ALJ gave controlling weight to the opinions of Plaintiff's long-time treating physicians, Dr. Charles Bagley, M.D. and Dr. Jacquelyn B. Afari, M.D., and found, based on those opinions, that Plaintiff had a residual functional capacity for less than sedentary work during that period. (*See id.* at 20-21.)[2]

---

[1] "R." refers to the record of the administrative proceedings.

[2] These reports were dated September 2006, but the ALJ found that the conclusions contained therein were consistent with the medical evidence of record for the earlier period in question.

2

Dr. Bagley had opined that Plaintiff's impairments were "so severe" that "she could only sit for up to an aggregate of two hours in an eight hour day" and "must alternate sitting with standing to alleviate pain and discomfort; lift up to ten pounds only occasionally; never twist; and only occasionally stoop, crouch and climb." (*Id.* at 21.) Dr. Afari, Plaintiff's primary care physician, had offered the view that Plaintiff could not even sit for up to two hours in an eight hour day, and that she could not "lift up to ten pounds of weight, twist, crouch or squat." (*Id.*) For the period from September 3, 2003 through May 19, 2005, the ALJ accorded little weight to the opinion of Dr. Anterro Sarreal, M.D., a consulting orthopedist, or to those of any state agency consultants, because their opinions were inconsistent with the medical record for that period. (*See id.*) Given Plaintiff's limited residual functional capacity, and her age, education and work experience, the ALJ determined that she was under a disability from September 3, 2003 through May 19, 2005. (*Id.* at 22.)

Noting, however, that Plaintiff's medical impairments had improved with treatment and that there was an indication in her doctor's notes that she had "returned to work" on May 20, 2005, the ALJ further determined that Plaintiff's disability ended as of that date. (*Id.*) Although the ALJ considered Plaintiff's subjective complaints regarding her impairments, he found that her statements concerning the intensity, persistence and limiting effects of the symptoms she experienced after May 20, 2005, were not entirely credible. (*Id.* at 23.) The ALJ also referenced portions of Dr. Bagley's treating notes from December, 2004, through June, 2005, in which the doctor had reported that Plaintiff had experienced improvement with physical therapy, that she was "able to return to light duty," and that she was taking Motrin for pain, as opposed to a prescription pain medication. (*Id.*; *see also id.* at 243, 249.) Citing these portions of Dr. Bagley's notes, and, at this point, assigning "significant weight" to the opinion of state

3

agency consultants that Plaintiff could perform a limited range of light work (*id.* at 23), the ALJ determined that, for the period commencing on May 20, 2005, Plaintiff had the residual functional capacity for a "wide range of light work" (*id.* at 22-23). This would include "lifting no more than a maximum of twenty pounds at a time with frequent lifting or carrying of objects that weight up to ten pounds, and walking, sitting or standing for up to a total of six hours." (*Id.*)

This decision by the ALJ disregarded the assessments of Plaintiff's residual functional capacity that were provided in September, 2006, by both Dr. Afari and Dr. Bagley, as neither had opined that Plaintiff could actually perform light work, even by that time. (*See id.* at 387-99.) For the period commencing May 20, 2005, the ALJ declined to accord controlling weight to either of the treating physician opinions, based on his view that these opinions were "inconsistent" with the substantial evidence of record. After finding that, for this period, Plaintiff had the residual functional capacity to perform light work, the ALJ concluded that a finding of "not disabled" for the period was appropriate. (*Id.* at 24.)

Plaintiff requested review of the ALJ's October 13, 2006 decision, but the Appeals Council denied further review, which rendered the ALJ's decision the final decision of the Commissioner. (*See id.* at 4-6.) Plaintiff then commenced this action, seeking partial reversal of the ALJ's decision and a remand for the payment of benefits. (*See* Complaint to Review Decision of the Commissioner of Social Security, filed Sept. 18, 2008 (Dkt. 1).) In this action, Plaintiff principally contends that the ALJ's finding that she experienced medical improvement and thus was no longer disabled as of May 20, 2005, was not supported by substantial evidence, as the ALJ failed to give proper weight to the opinions of her treating physicians. (*See id.*)

After filing an Answer (Dkt. 4), Defendant moved on April 28, 2009, to remand the case pursuant to 42 U.S.C. § 405(g) (Dkt. 7), acknowledging that the ALJ's residual functional

4

capacity assessment for the period commencing May 20, 2005, was not based on substantial evidence, and noting that the records of treatment after that date did not compel a conclusion of disability. (*See* Memorandum of Law in Support of Commissioner's Motion for Remand, dated Mar. 27, 2009 ("Def. Mem.") (Dkt. 8).) Plaintiff responded to Defendant's motion with papers in which she agreed that remand would be appropriate. (*See* Notice of Motion, dated Apr. 27, 2009 (Dkt. 9); Memorandum of Law in Support of Plaintiff's Motion for Remand Limited to the Issue of Disability Subsequent to May 19, 2005, dated Apr. 27, 2009 ("Pl. Mem.") (Dkt. 10), at 4-5.) Plaintiff requests, however, that the scope of the remand be limited to the time period commencing on May 20, 2005, so that the ALJ's determination that she was entitled to benefits for the period prior to that date would not be disturbed. (Pl. Mem., at 4-5.) Defendant opposes this request, arguing that the ALJ should be permitted, on remand, to reexamine the entirety of his earlier decision. (*See* Defendant's Reply Memorandum, dated May 29, 2009 ("Def. Reply Mem.") (Dkt. 12).) Plaintiff filed a reply on June 9, 2009. (Dkt. 13.)

## DISCUSSION

## I.   APPROPRIATENESS OF REMAND

Section 405(g) of the Social Security Act provides that a district court may remand a case to the Commissioner for further proceedings. "Remand under sentence four of Section 405(g) is appropriate when further development of the factual record is necessary, or to enable the ALJ to reconsider or demonstrate the use of the appropriate legal standard." *Littlefield v. Astrue*, No. 05 Civ. 1261 (LEK/DEP), 2008 U.S. Dist. LEXIS 20823, at *16 (N.D.N.Y. Mar. 17, 2008). Remand is "particularly appropriate" where there needs to be "a clearer explanation" for the ALJ's decision. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal citation omitted); *accord Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004) ("[W]here the administrative record

5

contains gaps, remand to the Commissioner for further development of the evidence is appropriate.") (citing *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999)).

.      As noted above, the parties to this action agree that the case should be remanded. (*See* Def. Mem., at 5-9; Pl. Mem., at 4.) Specifically, they agree that the ALJ "(1) failed to provide an appropriate rationale with specific references to the evidence of record in support of his finding; (2) failed to properly evaluate the opinions of [P]laintiff's treating sources; and (3) improperly relied on the opinion of a non-medical source." (Def. Mem., at 6; Pl. Mem., at 4.)

     A review of the ALJ's decision supports the parties' joint view that remand would be appropriate. Most importantly, the ALJ did not identify the specific references supporting his finding that, for the period commencing May 20, 2005, Plaintiff had the residual functional capacity to perform a wide range of light work. (R. at 22-23.) In assessing a claimant's residual functional capacity, "the ALJ's findings must specify the functions plaintiff is capable of performing; conclusory statements regarding plaintiff's capacities are not sufficient." *Melchior v. Apfel*, 15 F. Supp. 2d 215, 218 (N.D.N.Y. 1998); *see Ferraris v. Heckler*, 728 F.2d 582, 586-588 (2d Cir. 1984) (" the ALJ should make specific findings of exactly what [plaintiff] can do").

     In addition, the ALJ did not provide sufficient reasons for declining to give controlling weight to the opinions of Plaintiff's treating physicians as to Plaintiff's residual functional capacity as of May 20, 2005. Ordinarily, "the opinion of a treating physician is given controlling weight if it is well supported by medical findings and is not inconsistent with other substantial evidence." *Rosa*, 168 F.3d at 78-79. Where the ALJ finds that a treating physician's opinion is not entitled to controlling weight, the ALJ is required to give "good reasons" for such a finding.

6

*See* 20 C.F.R. § 404.1527(d)(2). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)).

In this case, the reason given by the ALJ for discounting the treating physicians' reports was that they were inconsistent with the substantial medical evidence of record. Yet the only medical evidence highlighted by the ALJ in this regard was taken from Dr. Bagley's own treatment notes, which the ALJ referenced only in part in his decision, disregarding those portions of the notes that, for example, repeatedly described Plaintiff's disc herniations and radiating pain. (*See* R. at 23, 216, 220, 243, 249.) Moreover, to the extent Dr. Bagley's notes referred to Plaintiff's supposed "return to work," the notes were either silent as to the type of work in which Plaintiff was supposedly engaged, or, in one case, referred to Plaintiff performing work as a "babysitter." (*See* R. at 216, 220.)[3] There is no indication in the notes as to the physical requirements or the number of hours involved in such work. Certainly, there are no express findings in Dr. Bagley's notes as to Plaintiff's residual capacity to lift, carry, walk, sit, or stand. (*See id.*) Thus, it cannot be concluded that the treating physicians' opinions were necessarily inconsistent with the medical record, or that the ALJ set forth "good reasons" for his decision to reject those opinions.

Finally, as the Commissioner points out in his own memorandum, the ALJ improperly relied on the opinion of a non-medical source (*i.e.,* a disability analyst) as the basis for his residual functional capacity evaluation of Plaintiff as of May 20, 2005. (*See* Def. Mem., at 9.)

---

[3] The Court notes that, at the administrative hearing, Plaintiff testified that she was not working. (*See* R. at 421.)

7

According to relevant Social Security regulations, an ALJ's determination as to a claimant's residual functional capacity must be grounded in evidence from acceptable medical sources, and, under the regulations, a disability analyst is not considered such a source. (*See id.* (citing 20 C.F.R. § 404.1513(a), (d)).)

For all these reasons, as the parties state, remand would be appropriate in this case.

## II.   <u>SCOPE OF THE REMAND</u>

The parties disagree, however, as to the scope of review on remand.  Plaintiff argues that the Court should limit the remand to the period for which benefits were denied.  (Pl. Mem., at 4.) To support her argument, Plaintiff points to the fact that the Appeals Council upheld the ALJ's decision "without altering the favorable portion" of the decision, and that "[D]efendant's memorandum does not raise any concerns with the period prior to May 19, 2005." (*Id.*)  In response, Defendant contends that "an order limiting the time period for review on remand requires that there be a relationship between that time period and the errors [in the ALJ's decision] or some other extenuating circumstance which warrants placing such limits on the review." (Def. Reply Mem., at 3.)

In general, the case law and Social Security regulations provide that the "Commissioner may revisit on remand any issues relating to the application for disability benefits." *Thompson v. Astrue*, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008) (citing *Wiltz v. Comm'r of Soc. Sec.*, 412 F. Supp. 2d 601, 609-10 (E.D. Tex. 2005); 20 C.F.R. § 404.983).  Thus, on remand, Plaintiff cannot escape full review of the ALJ's intial decision merely by suggesting that she had only sought to appeal from that portion of the decision that was unfavorable to her. *See Ocasio v. Astrue*, No. 08 Civ. 2016 (JCF), 2009 U.S. Dist. LEXIS 81324, at *15 (S.D.N.Y. Sept. 4, 2009)

8

("[A] favorable portion of a previous determination is not protected by a so-called partial appeal."). Nonetheless, the district courts are empowered to limit the scope of a remand by specifying actions to be taken by the ALJ. *Sullivan v. Hudson*, 490 U.S. 877, 885 (1989). Indeed, "[w]here a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Id.*; *accord Moreira v. Comm'r of Soc. Sec.*, No. 04 Civ. 3436 (FB), 2007 U.S. Dist. LEXIS 92090, at *2-3 (E.D.N.Y. Dec. 13, 2007).

Here, Defendant's motion raised no issue regarding the adequacy of the ALJ's finding of disability for the period from September 3, 2003 through May 19, 2005, and this Court can discern no such issue. Accordingly, there is no reason "to revisit this determination on remand," *Ocasio*, 2009 U.S. Dist. LEXIS 81324 at *15, and I recommend that, as Plaintiff requests, the scope of remand be limited to the period from May 20, 2005 forward, *see id.* at *19 (limiting scope of remand review to the unfavorable portion of the ALJ's decision).

## CONCLUSION

For the forgoing reasons, I respectfully recommend that Defendant's motion for remand (Dkt. 9) be granted. On remand, I further recommend that the ALJ's finding of disability for the period from September 3, 2003 through May 19, 2005 be left undisturbed, and that the ALJ be directed to reexamine his prior opinion only to the extent that he determined that Plaintiff was no longer disabled as of May 20, 2005. As to the period commencing May 20, 2005, the ALJ should be specifically directed, on remand, to accord controlling weight to the opinions of Plaintiff's treating physicians regarding her residual functional capacity or give good reasons for

9

not doing so, and to identify the particular functions that Plaintiff is capable of performing, with

reliance on medical sources and specific references to the medical record.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Deborah A. Batts, United States Courthouse, 500 Pearl Street, Room 2510, New York, NY

10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street,

Room 525, New York, NY 10007. Any requests for an extension of time for filing objections

should be directed to Judge Batts. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS

WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE

REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v.*

*Herrmann,* 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.

1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson,* 714 F.2d

234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       March 23, 2010

Respectfully Submitted,

DEBRA FREEMAN
United States Magistrate Judge

10

Copies to:

Hon. Deborah A. Batts, U.S.D.J.

David Kuznicki, Esq.
Law Office of David Kuznicki
2 Rector Street, Suite 2104
New York, New York  10006

Susan C. Branagan, Esq.
Assistant U.S. Attorney
Southern District of New York
86 Chambers St., 3rd Fl.
New York, New York  10007